IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES GODFREY, # K-56662,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 17-cv-157-NJR |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **UNKNOWN PARTY (6 John Does),** | ) |
| **MICHAEL SCOTT,** | ) |
| **CHRISTINE BROWN,** | ) |
| **WARDEN LASHBROOKS,**[1] | ) |
| **OFFICER REDDING,** | ) |
| **M. SCOTT,** | ) |
| **and C/O SOLOAN,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants were deliberately indifferent to a serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The Court takes judicial notice that the warden's name is Jacqueline Lashbrook. The Clerk of Court is **DIRECTED** to update her name accordingly on the docket sheet. She will be referred to in this order as "Lashbrook" and not "Lashbrooks."

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

On December 28, 2016, Plaintiff (who uses a cane to help him walk) tripped and fell down a flight of stairs while he was returning from the lunch hall to his cell on the upper gallery. (Doc. 1, p. 7). In the fall, Plaintiff hurt his right leg, knee, hip, ribs, and his lower back. He also

aggravated an earlier right-knee injury dating back to May 2016, and he hurt a pre-existing hernia that dated back to November 2015. (Doc. 1, p. 8). Plaintiff was taken to see a nurse, who asked him why he had been placed on the top gallery when he uses a cane. He responded that the placement officer (whom the Complaint later identifies as Soloan) had put him there. Plaintiff alleges that Soloan was aware that Plaintiff was on crutches in May 2016 when he assigned Plaintiff to the top gallery. (Doc. 1, p. 12).

Plaintiff notes he had previously requested Redding to move him to the lower gallery because of the medical problems that required him to use a cane. (Doc. 1, p. 8). He was not moved, however, even when he had to use crutches in May 2016 due to an injury to his right knee. Plaintiff asserts that Defendants "knew or should have known that their actions would result [in] further injuries" by placing him on the top gallery while he depended on a cane. (Doc. 1, p. 10). One hour after Plaintiff's fall, he returned from the health care unit to his housing area and learned that he had been moved from the top gallery to the lower gallery. (Doc. 1, p. 8).

Long before Plaintiff fell in December 2016, he had been diagnosed with a torn or ruptured patellar tendon in his right knee. At some time during 2016, Plaintiff saw an outside doctor (Dr. Davis) at a clinic in Marion, Illinois. Dr. Davis recommended reconstructive surgery for the right knee, and Plaintiff consented to the surgery. Dr. Scott (a physician at Pinckneyville) was asked to approve the surgery. Wexford Health Sources, Inc., ("Wexford") denied permission for Plaintiff's knee surgery, however, and also denied a request for hernia surgery. (Doc. 1, p. 9). Without the surgery, Plaintiff has suffered from "excruciating pain and discomfort daily." *Id.* On May 15, 2016, Plaintiff re-injured the right knee. Health care staff treated him with pills, an Ace wrap, ice, crutches, and followed up with an x-ray. (Doc. 1, p. 11). Plaintiff met with Dr. Scott in September or October 2016, and they discussed giving Plaintiff a knee brace and a cane because

the surgery was not going to take place.

Plaintiff's hernia has caused him to suffer much stomach discomfort, forcing Plaintiff to bend over "into a knot" and making him vomit, sometimes twice a day. (Doc. 1, p. 10). He also suffers from shortness of breath and gas. Plaintiff has complained many times to Pinckneyville medical staff about these conditions.

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 13).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Eighth Amendment claim against Soloan and Redding, for deliberate indifference to Plaintiff's medical condition when they placed him and/or allowed him to remain on the top housing gallery, which he could not access without climbing the stairs while using a cane;

**Count 2:** Eighth Amendment claim against Wexford Health Sources, Inc., for deliberate indifference to Plaintiff's medical need for knee surgery and hernia surgery;

**Count 3:** Eighth Amendment claim against Scott, Brown, Lashbrook, and the John/Jane Does for deliberate indifference to Plaintiff's medical conditions.

For the reasons discussed below, only Counts 1 and 2 shall proceed for further review.

### Count 1 – Deliberate Indifference – Placement on Top Gallery

In a case involving conditions of confinement in a prison, two elements are required to

establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A condition that deprives an inmate of physical safety may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The second requirement is a subjective element—establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if a plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Although Plaintiff's narrative is somewhat disjointed, and the facts are not presented in chronological order, he alleges that Soloan assigned him to a cell in the upper gallery despite his knowledge of Plaintiff's mobility problems related to his knee injury. It is not clear when the cell assignment was made in relation to the May 2016 period when Plaintiff was using crutches, but a liberal construction of the Complaint indicates that Soloan knew Plaintiff faced a risk of harm from climbing the stairs while on crutches. He similarly faced an unusual risk of harm when he was using the cane. Further factual development will be necessary before a determination may be made as to whether Soloan's action rose to the level of deliberate indifference to a known risk of harm or was merely negligent.

Similarly, Plaintiff alleges that he complained a number of times to Redding about the

high gallery placement and the risks he faced due to his medical condition, but Redding failed to take any steps to move Plaintiff to a safer location. Plaintiff thus states a deliberate indifference claim against Redding that merits further review. Accordingly, **Count 1** shall proceed for further consideration against both Soloan and Redding.

### Count 2 – Wexford Health Sources, Inc.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has "been diagnosed by a physician as mandating treatment," which significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Defendant Wexford is a corporation that employs the Pinckneyville doctors and other medical staff and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or

practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

In his claim against Wexford, Plaintiff does not describe any unconstitutional conduct by a prison doctor or other treating professional that resulted from a Wexford policy or practice. Instead, he points directly to a decision made by Wexford—the refusal to authorize the knee surgery that had been recommended by Plaintiff's consulting doctor. The same thing allegedly happened with Plaintiff's request for hernia surgery, which was denied by Wexford. This denial of treatment, which caused Plaintiff to continue to suffer pain and other serious symptoms, states a claim for deliberate indifference at this stage of the litigation. **Count 2** may proceed against Wexford Health Sources, Inc.

### Dismissal of Count 3 – Deliberate Indifference

The remaining defendants named in the lawsuit are Dr. Michael Scott, Christine Brown, Warden Lashbrook, M. Scott, and 6 Unknown Party (John/Jane Doe) employees. (Doc. 1, pp. 1-4). It appears that Dr. Michael Scott and M. Scott may be the same individual, inadvertently included twice in the list of defendants. In his statement of claim, Plaintiff includes some factual allegations against Scott and an Unknown Nurse, but fails to mention any of the other defendants by name or description.

Plaintiff states that Dr. Scott treated him since May 2016. Scott was the person who was expected to relay the decision to Dr. Davis regarding whether Plaintiff's knee surgery would be approved. At one point, Plaintiff states that Dr. Davis needed Dr. Scott to approve the surgery, but Plaintiff does not claim that Scott refused this request—only that Wexford made the decision

7

to deny the surgery. After that denial, Scott offered alternative treatment to Plaintiff, including a knee brace and a cane, and possibly physical therapy. None of these allegations suggest that Scott was deliberately indifferent to Plaintiff's need for medical attention for the knee injury or the hernia. Therefore, the Complaint fails to state a constitutional claim against Scott on which relief may be granted.

It is not clear from the Complaint whether the nurse who initially treated Plaintiff after he fell on December 28, 2016, is one of the Jane Doe Defendants who Plaintiff intended to sue in this case. If she is, Plaintiff has likewise failed to state a deliberate indifference claim against her. According to Plaintiff's description, this nurse examined him as soon as he was brought to the health care unit after he fell down the stairs. She asked Plaintiff if he could walk, and he attempted to walk with the cane. Plaintiff does not present any further facts regarding this nurse's treatment or lack of treatment for his condition, therefore, there is nothing to indicate that she failed to treat him or was otherwise deliberately indifferent to his injuries.

Plaintiff includes no allegations whatsoever in the statement of claim against the other defendants—Lashbrook, Brown, and the remaining Unknown Parties (John/Jane Does). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Furthermore, a prison administrator such as Warden Lashbrook cannot be held liable

merely as the supervisor of other employees who may have violated a prisoner's rights. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

For the above reasons, Michael Scott, M. Scott, Lashbrook, Brown, and the Unknown Party Defendants (John/Jane Does) will be dismissed from this action without prejudice. **Count 3** shall also be dismissed without prejudice.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 5) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 3) is **GRANTED in part and DENIED in part.** Service shall be ordered below on those defendants who remain in the action. No service shall be made on the dismissed defendants.

### Disposition

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **UNKNOWN PARTY (6 John/Jane Doe Employees), MICHAEL SCOTT, BROWN, LASHBROOK,** and **M. SCOTT** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for **WEXFORD HEALTH SOURCES, INC., REDDING,** and **SOLOAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent,

the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 31, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**