IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHARLES GODFREY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-cv-00157-NJR-DGW |
| WEXFORD HEALTH SOURCES, INC., OFFICER REDDING, and C/O SOLOAN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 36), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Wexford Health Sources, Inc., ("Wexford") be granted. The Report and Recommendation was entered on February 5, 2018. Plaintiff Charles Godfrey filed a timely objection to the Report and Recommendation on February 13, 2018 (Doc. 38).

## BACKGROUND

As stated in the Report and Recommendation, Godfrey, an Illinois Department of Corrections inmate, was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he initiated this *pro se* action (Doc. 7). Wexford filed a Motion for Summary Judgment based on failure to exhaust administrative remedies.

The only count directed at Wexford, which is Count 2 of Godfrey's Complaint, alleges an Eighth Amendment claim for deliberate indifference to Godfrey's medical need for knee surgery and hernia surgery.

On February 2, 2018, Magistrate Judge Donald G. Wilkerson held a hearing on Wexford's Motion for Summary Judgment (Doc. 26). The Court found credible Godfrey's testimony that he filed an emergency grievance on December 28, 2016, but never received a response (Doc. 36). This is consistent with Godfrey's Complaint (Doc. 1). Godfrey further testified that his emergency grievance primarily dealt with his complaint that he was improperly placed on the "top deck," though he also testified that he referenced both his hernia and knee problems in the grievance as supporting evidence (Doc. 36). Godfrey further testified that he has undergone knee and hernia surgery since initiating this action (Doc. 36).

### THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson recommends granting Wexford's Motion for Summary Judgment in its entirety. Magistrate Judge Wilkerson found that Wexford has met its burden of proving that Godfrey failed to exhaust his administrative remedies regarding Wexford's alleged denial of Godfrey's knee and hernia surgeries. Even though one document within Godfrey's records from the Administrative Review Board references a denial of a hernia surgery, Magistrate Judge Wilkerson concluded that this document by itself could not be the basis for finding that Godfrey exhausted his administrative remedies. Specifically, the document was an affidavit—dated July 28,

2016—that appeared to have been received by the Administrative Review Board as additional evidence considered in Godfrey's appeal of his grievance dated June 10, 2016. Magistrate Judge Wilkerson concluded that a statement in a supplemental document could not be a basis for finding that Godfrey grieved the issue of a denial of surgery. The grievance did not relate to a denial of surgery, but rather to the actions of other defendants who denied Godfrey ice necessary to reduce swelling in his knee. Further, Magistrate Judge Wilkerson found that nothing in Godfrey's testimony at the *Pavey* hearing provided evidence that the denial of his knee and hernia surgeries was properly exhausted.

## DISCUSSION

When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made. *Id.* (quoting 12 Charles Alan Wright et. al, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

Here, Godfrey filed a timely objection to the Report and Recommendation. First, Godfrey objects to "Exhibit F, Page 112," noting that "[a] lot was out of order &

certainly not true." (Doc. 38). Godfrey notes that, "None of the dates match when my grievance was filed & I surely, did not receive my 'Emergency Grievance' back from 12/28/16. None filed 1/05/17." (*Id.*). The Court points out that, as part of Magistrate Judge Wilkerson's Report and Recommendation, the Court "found credible Godfrey's testimony that he filed an emergency grievance on December 28, 2016 but never received a response." (Doc. 36, p. 3). Therefore, Magistrate Judge Wilkerson did not make his recommendation based on a conclusion that Godfrey received his Emergency Grievance back. Rather, the he found credible Godfrey's testimony that no one returned the Emergency Grievance to him.

Godfrey also objects to the use of "Exhibit D," stating, "1/05/2017 is not correct again & response is totally not correct from Ms. Mercier on 1/5/2017, I never filed!" (Doc. 38). But Godfrey fails to explain how this gives the Court cause to reject Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson reviewed these documents for reference to a complaint of a denial of surgery.

Godfrey also alleges that, if he were able to retrieve his Grievance from December 28, 2016, he would be able to show the Court sufficient factual evidence that Wexford's denial of his surgeries was part of his complaint. Magistrate Judge Wilkerson has already considered Godfrey's testimony regarding the December 28, 2016 Grievance and concluded that Godfrey did not specifically complain in that Grievance about a denial of surgery (Doc. 36, pp. 6-7). Godfrey testified that he referenced both his hernia and knee problems in the emergency grievance as evidence that he should not be on the

top deck, but Godfrey did not testify that the December 2016 grievance specifically complained about a denial of surgery.

Godfrey alleges in his Objection that "[his] testimony was only of vague memory & that should have never been a part of determining the judgment granted to dismiss Wexford Inc. from this case." (Doc. 38, p. 4). Magistrate Judge Wilkerson found Godfrey competent to testify, however, and also found his testimony concerning his December 28, 2016 grievance credible. This Court sees no reason why Godfrey's testimony should not have been considered in this matter.

None of Godfrey's other arguments gives this Court cause to reject Magistrate Judge Wilkerson's Report and Recommendation. The Court cannot disregard applicable law concerning the exhaustion of administrative remedies.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 38). Wexford's Motion for Summary Judgment (Doc. 27) is **GRANTED.** Wexford is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The only claim remaining is Count 1 asserted against Officer Redding and C/O Soloan.

**IT IS SO ORDERED.**

**DATED: July 10, 2018**

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
