UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES GODFREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17-cv-0157-GCS |
| vs. | ) |
| | ) |
| RANDALL REDDING, and | ) |
| HIRAM SLOAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court on Defendant Redding's and Sloan's December 13, 2019 motion for summary judgment (Doc. 85, 86). Along with the motion for summary judgment, Defendants filed the Federal Rule of Civil Procedure 56 Notice (Doc. 56).[1] As of this date, Godfrey has failed to respond to the motion for summary judgment.[2] Based on the following, the Court **GRANTS** the motion for summary

---

[1] That notice, pursuant to Federal Rule of Procedure 56, *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), informed/warned Godfrey of the consequences of failing to respond to the motion for summary judgment.

[2] The Court notes that the record demonstrates that Godfrey has a history of neglecting this lawsuit. On November 13, 2019, the Court held a telephonic Show Cause hearing regarding Godfrey's previous failure to appear at a hearing (Doc. 81). During the hearing, the Court extended the dispositive motion deadline to December 13, 2019. Also, the Court explained to Godfrey that he needed to respond to the summary judgment motion within 30 days of the filing (stating response would be due 1/12/2020 or 1/13/2020); that he should consult Federal Rule of Civil Procedure 56 in doing so; and the failure to do so

judgment.

On February 14, 2017, Charles Godfrey, then an inmate incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed suit for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). At threshold review, pursuant to 28 U.S.C. § 1915A, the Court identified two counts against three defendants allowing two Eighth Amendment claims for deliberate indifference against Redding and Sloan (Count 1) and against Wexford Health Sources, Inc. (Count 2).[3]

On December 13, 2019, Defendants Redding and Sloan moved for summary judgment (Doc. 85, 86). As stated before, Godfrey has not responded to the motion despite being warned twice (through Defendants' Rule 56 Notice and the Court's November 13, 2019 verbal warning), and the time to respond to the motion has passed. The Court considers Godfrey's failure to respond as an admission of the merits of the motion filed by Defendants Redding and Sloan. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Defendants were not deliberately indifferent to Godfrey's medical needs when they placed him in and/or allowed him to remain in the top housing gallery, which he could not access without climbing the stairs

---

may result in the dismissal of his case.

[3] Count 2 was subsequently dismissed for failure to exhaust administrative remedies (Doc. 42).

or using a cane.

Accordingly, the Court **GRANTS** the motion for summary judgment (Doc. 85). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Randall Redding and Hiram Sloan on Godfrey's Eighth Amendment claim for deliberate indifference in Count 1. Plaintiff Charles Godfrey shall recover nothing.

IT **SO ORDERDED.**

Date:   **January 28, 2020.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.01.28 15:07:39 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**